**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


HASSAN JAMES,                    :
                                      Civil Action No. 04-3808 (JBS)
          Petitioner,            :

     v.                          :   **OPINION**

WARDEN C.J. DeROSA, et al.,      :

          Respondents.           :
```

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Hassan James | Louis J. Bizzarri |
| #24156-050 | Assistant U.S. Attorney |
| F.C.I. Fort Dix | 401 Market Street |
| P.O. Box 7000 | 4th Floor |
| Fort Dix, NJ 08640 | Camden, NJ 08101 |

**SIMANDLE**, District Judge

   Petitioner Hassan James, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND[2]

On September 6, 2002, Petitioner was sentenced here in the District of New Jersey to a term of imprisonment of 52 months imprisonment to be followed by three years supervised release, pursuant to his conviction for conspiracy to utter counterfeit United States currency, in violation of 18 U.S.C. § 371, and possession of counterfeit checks, in violation of 18 U.S.C. § 513(a).

Petitioner participated in the Residential Drug Abuse Treatment at FCI Fort Dix.  See 18 U.S.C. 3621(e).  On November 7, 2002, however, Petitioner was advised that he would not be eligible for early release upon successful completion of the program because a detainer had been lodged against him by the State of New Jersey, based upon a New Jersey sentence he was serving concurrently to the federal sentence.  Petitioner successfully completed the Residential Drug Abuse Treatment program on May 3, 2004.

Petitioner contends that the Respondent wardens and Bureau of Prisons have abused their discretion and failed to follow written procedures and policies by not considering him for early

---

[2] Petitioner asserted two claims in his Petition.  This Court previously has dismissed Petitioner's claim regarding calculation of his good time credits.  See Opinion and Order entered August 31, 2004, Docket Entries Nos. 2 and 3.

release in connection with his successful completion of the Residential Drug Abuse Treatment program.

Respondents have answered that the Petition should be dismissed, because Petitioner failed to exhaust his administrative remedies, and they also have responded on the merits. Petitioner has replied that exhaustion of his administrative remedies would be futile.

## II. STANDARDS FOR A PRO SE PETITION

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

III. ANALYSIS

A. Exhaustion of Administrative Remedies

All parties are in agreement that Petitioner has not exhausted his administrative remedies.[3]

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

---

[3] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id.

4

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Similarly, exhaustion of administrative remedies is not required where the issue presented involves only statutory construction, because there is no need for an administrative agency to develop a factual record or to apply its expertise with respect to the circumstances presented. See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (citing U.S. ex re. Marrero v.

5

Warden, Lewisburg Penitentiary, 483 F.2d 656, 659 (3d Cir. 1973), rev'd on other grounds, 417 U.S. 653 (1974)).

Here, there is no dispute or uncertainty as to the operative facts. Petitioner was denied early release pursuant to established Bureau of Prisons policies. Respondents do not suggest that those policies left open the possibility of the exercise of discretion that would have permitted Petitioner to be granted early release. To the contrary, the sole issue is the validity of the policy categorically excluding Petitioner from consideration for early release, as described more fully below. Accordingly, it does not appear that the goals of the exhaustion policy would be served by requiring Petitioner to proceed with his administrative remedies. This Court, therefore, will proceed to the merits of Petitioner's claim.

B.  Petitioner's Claim

United States Code Title 18 Section 3621(b) requires the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to successfully complete the program, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but

6

such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

The BOP's residential drug abuse treatment program consists of three components: (1) a unit-based residential program lasting between six and 12 months, (2) an institution transition phase, and (3) a community transitional services component during which the inmate is transferred to a community corrections center or to home confinement for up to six months. BOP Program Statement 5330.10, Drug Abuse Programs Manual, § 5.2.1. In order to be eligible for early release consideration under § 3621(e), "an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement." BOP Program Statement 5330.10, § 6.1.1(5).

Pursuant to the governing statutory sections, and in an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the Bureau has promulgated regulations prescribing certain additional early release criteria, inter alia excluding

> (v) Inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; ...

28 C.F.R. § 550.58(a)(v). BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, ¶ 10(f), provides that "[i]nmates with unresolved

pending charges, or detainers, which will likely lead to arrest, conviction, or confinement" shall not ordinarily participate in CCC programs.  Thus, inmates with pending detainers are prohibited from participating in the community-based component of the Drug Abuse Treatment Program and from consideration for early release.

In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi).  In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release

> program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

The Court of Appeals for the Eighth Circuit has stated that it sees no difference between the categorical exclusion examined by the Supreme Court in Lopez v. Davis and the categorical exclusion of prisoners subject to an immigration detainer in 28 C.F.R. § 550.58(a)(1)(I), holding that the latter is also within the Bureau's discretion. United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001). See also McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999) (upholding immigration detainer provision before Lopez); Rublee v. Fleming, 160 F.3d 213 (5th Cir. 1998) (holding pre-Lopez that exclusion of prisoners who cannot complete community-based component of program is not a violation of due process).

9

Here, the regulation and policy challenged by Petitioner, which prohibits early release of prisoners subject to detainers, is one in which "custody" is a rational consideration, and Petitioner has not suggested any reason why it is unreasonable for the Bureau to take into account such status in determining eligibility for the program or for early release.  This Court finds that the existence of a detainer related to an unserved state sentence is a legitimate factor to consider in determining eligibility for custody-related programming.  Accordingly, Petitioner has failed to establish any due process violation, or any violation of BOP policy, in his exclusion from consideration for early release.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's claim challenging his exclusion from consideration for early release under 18 U.S.C. § 3621(e) will be denied.  An appropriate order follows.

 **s/ Jerome B. Simandle**  
Jerome B. Simandle  
United States District Judge

Dated:   September 14, 2005